IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ARTHUR, | § | |
| | § | |
| Plaintiff, | § | No.: 3:19-CV-249 |
| | § | *Jury Trial Demanded* |
| vs. | § | |
| | § | |
| NORFOLK SOUTHERN RAILWAY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Mr. Arthur, is a 55 year old mechanical employee/carman for Norfolk Southern Railway Company ("Norfolk Southern"). (Exh. 1: Pl. Depo. 6:7-12). He filed this garden variety trip and fall suit under the Federal Employer's Liability Act ("FELA") against his long-time employer for injuries he sustained in July 2017 when he tripped on a rope, attached to a truck crossover platform,[1] Plaintiff used for access to clean a boxcar. (Complaint). He tripped while maneuvering around a bulkhead/divider in the boxcar. The following are photographs of the crossover platform and rope in the place it was in at the time of the accident (Plaintiff testified that the moveable bulkhead divider was positioned closer to the center of the crossover platform at the time of the accident):

---

[1] In depositions and other papers, the subject crossover platform is called various names - "platform," "plank," "ramp," "gangway." For consistency and clarity, in this Motion for Summary Judgment, it will be called "crossover platform."

 

Norfolk Southern never received any complaint or criticism about this platform device or rope tether, which was designed for ergonomic safety and efficiency. There were no known accidents with the platform until Plaintiff's tripping incident. Plaintiff himself had lowered the platform, placed the rope, knew where the rope was positioned, and had crossed the platform several hundreds of times - even with tools in hand without incident. Plaintiff was very familiar with the platform and the maneuvers necessary to work around and move the bulkhead. Plaintiff himself never complained about the platform and continued to use it even after his accident.

While the applicable law requires Plaintiff to prove negligence by establishing his employer Norfolk Southern failed to provide him a reasonably safe place to work and that his alleged workplace accident was reasonably foreseeable, Plaintiff's own, sworn admissions entitle Norfolk Southern to summary judgment as a matter of law.

Plaintiff has admitted that Norfolk Southern provided him a reasonably safe workplace and equipment. He has admitted that Norfolk Southern could not have reasonably foreseen that he would trip on a rope in plain view. And, he has admitted that he himself was at fault in causing his accident by not watching where he stepped, despite he himself placing the rope in its very position. Thus, the law and the facts of this case require its dismissal.

Norfolk Southern relies upon its contemporaneously filed Motion for Summary Judgment, which sets forth the material undisputed facts in this case. Norfolk Southern also relies upon the following exhibits, filed with this Motion, and the record as a whole:

**Exhibit 1**: Excerpts of Plaintiff's deposition testimony related to liability;

**Exhibit 2**: Aerial photograph of Knoxville City Yard, where accident occurred (exhibit 3 to Plaintiff's deposition);

**Exhibit 3**: Photograph of subject boxcar;

**Exhibit 4**: Photograph of subject boxcar;

**Exhibit 5**: Photograph of subject boxcar;

Exhibit 6: Photograph of work truck and crossover platform;

Exhibit 7: Photograph of work truck;

Exhibit 8: Photograph of work truck;

Exhibit 9: Photograph Plaintiff took of raised crossover platform;

Exhibit 10: Photograph of gap between boxcar and work truck with raised platform;

Exhibit 11: Ergonomic Program document;

Exhibit 12: Photograph of Bulkhead/Divider taken by Plaintiff's supervisors at his direction;

Exhibit 13: Photograph of platform lowered into empty boxcar;

Exhibit 14: three photographs of Plaintiff's superviser demonstrating maneuver;

Exhibit 15: Patent Diagram of moving a bulkhead/divider;

Exhibit 16: Personal Injury Report;

Exhibit 17: Deposition Transcript of Plaintiff's supervisor Mike Chambers;

Exhibit 18: Photo of boxcar doorjamb;

Exhibit 19: Photo of rope in same place as time of accident;

Exhibit 20: Employee History Inquiry

WHEREFORE, Norfolk Southern respectfully submits that there are no genuine issues of material fact, so it is entitled to judgment as a matter of law, dismissing this case.

Respectfully submitted,

BAKER, O'KANE, ATKINS & THOMPSON, PLLP

John W. Baker, Jr., BPR #001261
s/ Emily L. Herman-Thompson, BPR #021518

2607 Kingston Pike, Suite 200
Knoxville, Tennessee 37901-1708
(865) 637-5600
jbaker@boatlf.com
ethompson@boatlf.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on August 14, 2020, a copy of the foregoing ***Motion for Summary Judgment with exhibits***, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

          s/ Emily L. Herman-Thompson